**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-80702-RLR/BER**

RICHARD MAROUS,

  Plaintiff,                                                                                   **CLASS ACTION**

v.

NOW OPTICS HOLDINGS, LLC
d/b/a STANTON CAPITAL,

  Defendant.
_____/

**JOINT SCHEDULING REPORT AND DISCOVERY PLAN**

Plaintiff Richard Marous and Defendant Now Optics Holdings, LLC d/b/a Stanton Capital (collectively, the "Parties"), in accordance with the Court's Order and pursuant to Federal Rule of Civil Procedure 26(f)(3) and Local Rule 16.1(b)(2), submit this Joint Scheduling Report and Discovery Plan.

**SCHEDULING REPORT**

The Parties believe that this case should be assigned to the standard Case Management Track.

(A)    <u>LIKELIHOOD OF SETTLEMENT</u>

    The parties are presently exploring potential settlement options.

(B)    <u>LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES</u>

    The Parties do not anticipate the appearance of any additional plaintiffs or defendants at this time.

(C) <u>PROPOSED LIMITS ON TIME:</u>

    (i) PROPOSED DEADLINE TO AMEND OR JOIN ADDITIONAL PARTIES

    The Parties propose: August 15, 2024

    (ii) PROPOSED DEADLINES TO FILE MOTIONS

    Dispositive Motions: April 28, 2025

    Daubert Motions: April 28, 2025

    Motion for Class Certification: April 28, 2025

    (iii) PROPOSED DEADLINE FOR COMPLETION OF DISCOVERY

    The Parties propose:

      Fact Discovery shall be completed by December 29, 2024

      Expert discovery shall be completed by March 28, 2025

      Parties' expert reports shall be served by February 3, 2025

      Rebuttal reports shall be served by February 29, 2025

(D) <u>PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES</u>

The Parties agree to cooperate in trying to simplify the issues through discovery.

(E) <u>LIKELIHOOD OF AMENDMENTS TO THE PLEADINGS</u>

 No amendments to the pleadings are anticipated at this time.

(F) <u>POSSIBILITY OF FACTUAL AND/OR DOCUMENT ADMISSION(S) TO AVOID UNNECESSARY PROOF</u>

The Parties will attempt in good faith to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work in good faith to make appropriate stipulations as to the authentication of relevant documents. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

(G) <u>SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE</u>

The Parties shall attempt to streamline the presentation of evidence to advance the case to trial and to minimize the duration of the proposed trial by attempting to avoid unnecessary proof and the presentation of cumulative evidence.

(H) <u>REFERRING MATTERS TO A MAGISTRATE JUDGE</u>

The Parties agree to refer matters related to discovery only to a United States Magistrate Judge.

(I) <u>PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL</u>

The parties estimate that this action will require between three (3) to five (5) days of trial, exclusive of time for jury selection. However, this is a preliminary estimate prior to conducting discovery and each party reserves the right to assert that additional trial days are necessary.

(J)   REQUESTED DATE FINAL PRETRIAL CONFERENCE AND TRIAL

The parties recommend convening a pre-trial conference on or about June 2, 2025. The parties anticipate that the matter be ready for trial no later than June 19, 2025.

(K)   ISSUES

   (i)   DISCLOSURE, DISCOVERY, OR PRESERVATION OF ELECTRONICALLY STORED INFORMATION

   At this time, the Parties are unaware of any issues about the disclosure, discovery or preservation of electronically stored information. The Parties agree that, after service of discovery requests, either party may request the other party engage in an ESI meet and confer to address issues related to the gathering and producing of ESI. The Parties agree to meet and confer on these issues and any other electronic discovery issue if and when such issues arise, but otherwise do not request that the Court enter an order regarding the production of ESI at this time and will bring any dispute to the Court if necessary.

   (ii)  CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL PREPARATION MATERIALS, INCLUDING WHETHER TO ASK THE COURT TO INCLUDE ANY AGREEMENT OF THE PARTIES AS TO A PROCEDURE TO ASSERT SUCH CLAIMS AFTER PRODUCTION IN AN ORDER UNDER FEDERAL RULE OF EVIDENCE 502.

   At this time the Parties are unaware of any disputes regarding claims of privilege or of protection as trial-preparation materials which exist or are likely to exist in this litigation. The Parties agree that any inadvertent disclosure of privileged materials shall not constitute a waiver of any privileged or work-product protection. The Parties will ask the Court to include any agreement about privileged and protected materials in an order under Federal Rule of Evidence 502.

(iii)   USE OF THE CHECKLIST

The Parties agree to review and discuss use of the ESI checklist.

(L)   ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT

Any party may, for good cause, seek modifications of any of the foregoing. The parties will confer in good faith and work to reach agreement with respect to any deadline not explicitly provided for in this report.

**JOINT DISCOVERY PLAN**

(A)   TIMING, FORM, AND/OR REQUIREMENT OF RULE 26(A) DISCLOSURES

The Parties do not believe any changes should be made to the requirements of the disclosures.

(B)   DISCOVERY SUBJECTS, COMPLETION DATE, AND/OR LIMITATIONS

Plaintiff anticipates discovery will be needed with respect to the number text messages to Plaintiff and the class members; the consent, if any, secured by Defendant prior to placing the texts; and the procedures, if any, utilized by Defendant to remove telephone numbers listed on the National Do-Not-Call Registry, and to remove those numbers that had opted out of communications.

At this time, Defendant anticipates discovery will be needed as to the ownership of the wireless telephone number at issue, Plaintiff's consent to receive text messages from Defendant, Plaintiff's injuries or damages, and the nature of the relationship with defendant.

The Parties do not believe discovery should be conducted in phases. Defendant states that it intends to object to discovery identifying proposed class members unless and until the Court certifies a class.

The Parties propose a discovery deadline of December 29, 2024. Each party reserves the right to seek an extension of the discovery deadline if such becomes necessary as the case progresses.

(C) <u>ISSUES CONCERNING ELECTRONICALLY STORED INFORMATION</u>

The Parties will produce documents in electronic format, specifically, TIFF or searchable PDF with metadata load file, where possible. The Parties agree that, after service of discovery requests, either party may request the other party engage in an ESI meet and confer to address issues related to gathering and producing ESI including: the ESI maintained by the Parties, the identity and number of ESI custodians, the databases maintained by the Parties, the reasonable accessibility of the data in these databases, the timing and production of ESI, and how the costs associated with ESI should be borne. The Parties agree to meet and confer on these issues and any other electronic discovery issue if and when such issues arise, but otherwise do not request that the Court enter an order regarding the production of ESI at this time, and will bring any dispute to the Court if necessary.

(D) <u>ISSUES CONCERNING DISCLOSURE OF PRIVILEGED INFORMATION</u>

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. The Parties agree to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.

(E) <u>CHANGES AND LIMITATIONS ON DISCOVERY</u>

The Parties do not seek any changes to the limitations on discovery imposed by the Rules—at this time.

(F)  **NEED FOR ORDERS WITH RESPECT TO RULE 26(c), RULES 16(b) AND (c)**

The Parties have agreed to enter into a confidentiality agreement and seek a protective order, which will be submitted to the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Manuel S. Hiraldo* | */s/ Frank A. Zacherl* |
| Manuel Santiago Hiraldo (030380) | Frank A. Zacherl (868094) |
| mhiraldo@hiraldolaw.com | fzacherl@shutts.com |
| Hiraldo P.A. | Shutts & Bowen LLP |
| 401 E. Las Olas Blvd. Ste 1400 | 200 South Biscayne Blvd. Ste 4100 |
| Fort Lauderdale, FL 33394 | Miami, Florida 33131 |
| Telephone: 954-400-4713 | Telephone: 305-347-7305 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |