**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:24-cv-80702-RLR**

RICHARD MAROUS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NOW OPTICS HOLDINGS, LLC d/b/a STANTON OPTICAL,

Defendant.

______________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Richard Marous brings this class action against Defendant Now Optics Holdings, LLC d/b/a Stanton Optical, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. To promote its goods and services, Defendant engages in unsolicited text messaging to consumers that have registered their telephone numbers on the National Do Not Call Registry.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Alachua County, Florida.

5. Plaintiff is, and at all times relevant hereto was, an individual and a called party under the TCPA in that Plaintiff was the regular user of cellular telephone number that received Defendant's unwanted text messages.

6. Defendant is, and at all times relevant hereto was, a corporation with its principal place of business in Palm Beach County, Florida.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

8. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

9. Defendant is subject to personal jurisdiction in this Court because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising text messages into this state. Specifically, Defendant initiated and directed the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in this state. Plaintiff's telephone

number has an area code that specifically coincides with locations in this state, and Plaintiff received such messages while residing in and physically present in this state.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

11. Defendant is in the business of selling eye exams, eyeglasses, contact lenses, sunglasses, and related services.

12. On or about late 2023, Defendant rebranded from My Eyelab to Stanton Optical.

13. According to a news release by Defendant, the name change was made to meet changing consumer demands and to emphasize the company's focus on convenience and value.

14. As part of its rebranding efforts, Defendant launched a marketing campaign to advertise and promote its services to consumers.

15. Plaintiff was the target of Defendant's telemarketing campaign. Specifically, on or about October 9, 2023, October 16, 2023, November 2, 2023, January 15, 2024, January 17, 2024, February 14, 2024, and April 10, 2024, Defendant sent text message solicitations to Plaintiff's cellular telephone as depicted below:

8/8 results found

Monday, Oct 9 • 9:20 AM

Texting with 72465 (SMS/MMS)

ATTN: Your My Eyelab is converting to its sister brand: Stanton Optical! Same location & team, with faster service & better value. Questions? Call 800-305-9577

Monday, Oct 16 • 10:28 AM

It's Official! Your My Eyelab store has converted to its sister brand: Stanton Optical. Book your eye exam today: https://w.ems .to/2qXhgDy 'STOP' to opt-out

exam today: https://w.ems .to/2qXhgDy 'STOP' to opt-out

Thursday, Nov 2 • 1:32 PM

Final Notice: My Eyelab is now Stanton Optical, its sister brand under the same company. Book your eye exam today: https://w.ems.to/EPaZjm4 'STOP' to opt-out

Monday, Jan 15 • 11:29 AM

Stanton Optical: Time is running out! Independent eye doctors are available. Schedule your overdue eye exam NOW: https://w.ems.to

8/8 results found

Wednesday, Jan 17 • 9:10 AM

REMINDER: My Eyelab is Now STANTON OPTICAL!

Same-Day Eye Exams and Walk-ins Available.

Book Eye Exam Today: https://w.ems.to/ej1nyuz

'STOP' to Opt-out.

Wednesday, Feb 14 • 11:30 AM

Stanton Optical: It's not too late to get your vision back on track. Don't wait another day to schedule your eye exam. Book now: https://w.ems.to/FJv7V6C

8/8 results found

Stanton Optical: Friendly Reminder!

You are due for your eye exam. Don't let time pass by, book yours now!

Appointments available: https://w.ems.to/4RVOlaU

Wednesday, Apr 10 • 9:24 PM

Stanton Optical: ATTN!

3 Days Left: Get 1 Pair of Progressives + Anti-Glare Lenses + Free Eye Exam* for $99. Valid thru 04/13/24.

Book Exam: https://w.ems.to/O4XNOlj
'STOP' to Opt-out.

16. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services, i.e., selling Plaintiff and the Class Members eye examinations and related goods/services. The text messages were an attempt to solicit Plaintiff's and Class Members' business and patronage.

17. Specifically, the purpose of Defendant's text messages was to encourage Plaintiff to schedule a visit with Defendant for an eye appointment at one of Defendant's locations.

18. Indeed, with the exception of the first message, all of the messages sent by Defendant included a hyperlink to Defendant's website where Defendant promotes the availability of its services and the availability of eye exam appointments.

19. Had Plaintiff or any Class Member responded to Defendant's text solicitations by scheduling an appointment, Defendant would have charged them for the visit.

20. Plaintiff did not have an ongoing relationship with Defendant and did not require Defendant's services. Rather, Defendant was attempting to sell a new service for which Plaintiff would have to pay.

21. Defendant's first message advertised the availability of eye exam services at Defendant's new practice.

22. Moreover, Defendant's last text message includes an offer for the purchase of glasses.

23. All of Defendant's text messages were a pretext for the sale of goods or services and, on information and belief, Defendant sent the texts to encourage Plaintiff and the Class Members to purchase Defendant's services as part of its rebranding efforts.

24. Defendant's text messages were not purely informational, and Defendant stood to gain financially from transactions with Plaintiff and the Class Members had they acted on the messages.

25. Plaintiff is the regular user of the telephone number that received the above solicitations.

26. Plaintiff registered the cellular telephone number on the National Do-Not-Call Registry on January 7, 2021, prior to the filing of this case.

27. Plaintiff utilizes the cellular telephone number that received Defendant's text messages for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

28. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

29. Plaintiff has not had a business relationship with Defendant. Plaintiff last visited a My Eyelab location on October 16, 2021.

30. Plaintiff never signed any type of authorization permitting or allowing Defendant to send him text message solicitations.

31. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent are defined as:

> **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant placed more than one text message call within any 12-month period; (2) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's property, goods, and/or services.**

33. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

34. Upon information and belief, Defendant has placed violative text message calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated solicitation text messages to Plaintiff and the Class members who had registered their numbers on the National Do Not Call Registry;

(b) Whether Defendant is liable for damages, and the amount of such damages.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Class)**

42. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

45. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

46. Defendants violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and Class members received more than one message in a 12-month period from Defendants in violation of 47 C.F.R. § 64.1200.

48. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

49. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

DATED: July 22, 2024

Respectfully submitted,

**DAPEER LAW, P.A.**
Rachel Dapeer, Esq.
Florida Bar No. 108039
20900 NE 30th Avenue, Ste. 417
Email: rachel@dapeer.com
Telephone: 305-610-5223

**HIRALDO P.A.**

*<u>/s/ Manuel S. Hiraldo</u>*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713