UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 9:24-cv-80702-RLR

RICHARD MAROUS, on behalf of all
others similarly situated,

Plaintiff,

vs.

NOW OPTICS HOLDINGS, LLC
d/b/a STANTON OPTICAL,

Defendant.
_________________________________ /

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Defendant, Now Optics Holdings, LLC ("Now Optics"), by and through undersigned counsel and pursuant to Local Rule 56.1(b)(2) respectfully files it Response to Plaintiff's Statement of Material Facts and states the following:

1. Undisputed

2. Disputed. Now Optics itself does not offer eye exams. Physicians Eyecare Group, an independent company, offers eye exams at Stanton Optical locations. Justin. Dep.[1] at 11:7-12:15.

3. Disputed. Now Optics itself does not offer eye exams. Physicians Eyecare Group, an independent company, offers eye exams at Stanton Optical locations. Justin. Dep. at 11:7-12:15.

4. Undisputed.

5. Disputed. The marketing department also handles communications regarding the

[1] The transcript of the deposition of Lukana Justin is attached to Plaintiff's Statement of Material Facts as **Exhibit 1** [DE 80-1].

customer's relationship with Defendant. Justin. Dep. at 11:1-6.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Disputed. The described the promotional message as follows: "Another offer promotion may be buy one, get one free plus free eye exam." Justin. Dep. at 24:21-25:1.

10. Disputed. The deponent was describing the phrase "transitional remarketing" and stated that it was the name of one campaign used when transitioning the brand. Justin. Dep. at 25:16-25.

11. Undisputed.

12. Undisputed.

13. Undisputed that the text messages were sent as part of a transitional campaign. Defendant disputes Plaintiff's characterization of the messages as "blasts".

14. Disputed. Defendant does not dispute the authenticity of the attached logs; however, Defendant disputes the characterization of the messages as "blasts" and disputes Plaintiff's calculation with respect to the amount of text messages to the extent that it is inconsistent with the logs.

15. Disputed. The cited testimony refers only to one text message not the entire campaign. Justin. Dep. at 50:23-51:5. Plaintiff mischaracterizes the testimony.

16. Disputed. Plaintiff mischaracterizes the testimony. The text messages were sent to customers of the particular stores within certain geographic regions that were transitioning. Justin. Dep. at 88:9-89:8.

17. Undisputed.

18. Disputed. Plaintiff did not opt in to receive promotional messages from Defendant. Plaintiff did voluntarily provide his telephone number for transactional/informational communications. *See* Deposition of Richard Marous ("Marous Dep.") attached hereto as Exhibit A at 57:11-20.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. Undisputed that the transition messages did not include a component to check for whether the recipient was due for an exam, but Defendant disputes Plaintiff's characterization of the messages as "blasts".

23. Undisputed.

24. Undisputed.

25. Undisputed. Defendant must clarify that the referenced logs only track whether a customer opted in to "promotional" text messages.

26. Undisputed.

27. Undisputed.

28. Undisputed. Defendant must clarify that Defendant was informed of this for the specific times that he purchased.

29. Disputed. Plaintiff does not describe his cellular telephone as his "home phone" in any of the cited testimony.

30. Disputed. The stipulation speaks for itself and it states that the stipulation is "in the event a class is certified and noticed must be sent out . . . ." *See* First Amended Joint Stipulation regarding Numerosity [DE 54] at ¶ 4.

31. Disputed. No class has been certified so there are no class members. Nevertheless, the document Plaintiff references identifies the patient ID and the store location which was part of the transition. By Plaintiff's own admission, these individuals would have been sent messages pertaining to the transition.

32. Disputed. The referenced document speaks for itself. It only references one text message and the title of one slide in a presentation. There is no indication that transitional messages where part of the "plan" described in paragraph 32.

33. Undisputed.

**ADDITIONAL FACTS**

34. In support of its Cross-Motion for Summary Judgment, Defendant has filed its own Statement of Material Facts [DE 88]. To the extent the court deems it necessary pursuant to Local Rule 56.1(b)(2), Defendant hereby incorporates its Statement of Material Facts as additional facts in response to Plaintiff's Statement of Material Facts.

Dated: March 7, 2025

Respectfully submitted,

***By: /s/ Frank A. Zacherl***

Frank A. Zacherl, Esq.
Florida Bar No. 868094
FZacherl@shutts.com
Oliver Sepulveda, Esq.
Florida Bar No. 111763
OSepulveda@shutts.com

**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Telephone: (305) 347-7305
Facsimile: (305) 347-7705
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of March 2025, a true and correct copy of the foregoing has been furnished via CM/ECF to all parties on attached service list.

*/s/Frank A. Zacherl*
FRANK A. ZACHERL

**RICHARD MAROUS,**
**individually and on behalf of all others similarly situated,**
**v.**
**NOW OPTICS HOLDINGS, LLC d/b/a STANTON OPTICAL**
**United States District Court**
**Southern District of Florida**
**Case No. 9:24-cv-80702-RLR**

**SERVICE LIST**

Rachel N. Dapeer, Esq.
DAPEER LAW, P.A.
20900 NE 30th Avenue
Suite 417
Aventura, Florida 33180
rachel@dapeer.com

*Counsel for Plaintiff*

Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

*Counsel for Plaintiff*