**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:24-cv-80702-ROSENBERG/Reinhart**

RICHARD MAROUS, individually and on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

NOW OPTICS HOLDINGS, LLC d/b/a STANTON OPTICAL,

Defendant.
_________________________________/

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff Richard Marous, pursuant to this Court's Order, [DE 20], moves in limine for the entry of an Order barring Defendant Now Optics Holdings, LLC d/b/a Stanton Optical, and its attorneys, from directly or indirectly offering any evidence, argument, reference or innuendo related to the issues outlined below.

## I. LEGAL STANDARD

A court has broad discretion in determining whether evidence is admissible at trial. *Santiago v. Sanders*, No. 14-61505-CIV, 2015 WL 12860500, at *1 (S.D. Fla. Apr. 16, 2015) (citing *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)). A motion in limine is "any motion, whether made before or during trial, to exclude [or admit] anticipated prejudicial evidence before the evidence is actually offered." *RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 2025162-CIV, 2021 WL 6135137, at *1 (S.D. Fla. Dec. 2, 2021) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (alteration added)). The purpose of a motion in limine is to resolve disputes over evidence before trial—thereby avoiding the introduction of potentially prejudicial evidence to the jury. *In the Matter of Blue Crest Holding Asset, Inc.*, No. 17-21011-

CIV, 2018 WL 1463644, at *1 (S.D. Fla. Jan. 24, 2018) (citing *Pinal Creek Grp. v. Newmont Min. Corp.*, No. CV-91-1764PHX-DAE, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006)); *see also Veiga v. OC Elec. LLC*, No. 18-24359-CIV, 2020 WL 13413701, at *1 (S.D. Fla. Oct. 9, 2020) ("The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial.") (quoting *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012) (citation omitted)). "In resolving evidentiary disputes before trial, motions in limine avoid the need to 'unring the bell' once inadmissible evidence has been presented to the jury." *In the Matter of Blue Crest Holding Asset, Inc.*, 2018 WL 1463644 at *1.

## II. ARGUMENT

### A. The Court Should Exclude Certain Evidence not Previously Disclosed by Defendant

Under Eleventh Circuit precedent, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Browning v. Bay Radiology Assocs. PL*, No. 23-13842, 2024 U.S. App. LEXIS 15689, at *3 (11th Cir. June 27, 2024) ("Moreover, Browning had an ongoing responsibility to supplement his disclosures, including his responses to interrogatories, and he failed to provide any supplement to any disclosure during the pendency of his case.") (quoting Fed. R. Civ. P. 37(c)(1)).

In its Initial Disclosures, Defendant identified four categories of documents: (1) "Any documents referenced/included in Plaintiff's Rule 26 Disclosure;" (2) "Call logs documenting calls to Now Optics Placed by Richard Marous[;]" (3) "Text message logs documenting text messages sent to and from Richard Marous[;]" and (4) "Agreements between Defendant and independently-

owned medical practices." Defendant's Rule 26 Disclosures, a copy of which is attached as Exhibit A, at 2. Defendant did not serve amended disclosures prior to the Court's discovery cut-off date.

However, in opposing class certification and summary judgment, Defendant attempted to introduce new evidence regarding its established business relationship defense (which it waived as discussed below), and also attempted to rebut the presumption that Plaintiff's and the Class Members' telephone numbers registered on the National Do-Not-Call Registry are residential. Defendant submitted this new evidence *after* the close of discovery. Plaintiff anticipates that Defendant will similarly attempt to introduce untimely evidence at trial, including (1) Class Member customer records and/or testimony regarding inquiries and/or purchases to support an established business relationship ("EBR") defense; and/or (2) evidence and testimony to rebut the residential line presumption (an issue to which Defendant also stipulated as discussed throughout Plaintiff's class certification and summary judgment briefing).

Under similar circumstances, courts have granted motions in limine to exclude specific evidence that was not timely disclosed, and Plaintiff respectfully submits that this Court should do the same here. *See, e.g., Hous. Specialty Ins. Co. v. Vaughn*, No. 8:15-cv-2165-T-17AAS, 2017 U.S. Dist. LEXIS 224541, at *24 (M.D. Fla. July 12, 2017) ("Therefore, the undersigned recommends that Plaintiff be precluded under Federal Rule of Civil Procedure 37, from benefiting from its untimely-disclosed material evidence and witness at trial."); *ELI Research, LLC v. Must Have Info, Inc.*, No. 2:13-cv-695, 2015 U.S. Dist. LEXIS 143803, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015)("Generally, evidence not produced during discovery will be excluded from trial."); *Federal Trade Comm'n v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167 (N.D. Ga. 2008) (finding inadmissible affidavit of witness where plaintiff offered no justification for failing

to disclose for a year and a half and rejecting argument that opposing party was "neither surprised nor prejudiced" by the failure to earlier disclose existence of witness ).

### B. The Court Should Exclude Evidence and Testimony Regarding Defendant's EBR Affirmative Defense That it Waived

Defendant waived any EBR defense by failing to plead it in its Answer, [DE 30]. *See Barney v. Goldoro Devs., Inc.*, No. 23-CV-81007, 2024 U.S. Dist. LEXIS 115529, n.5 (S.D. Fla. July 1, 2024) (Rosenberg, J.) ("Here, since Defendants failed to raise this affirmative defense in their answer, they 'waive[] their right to raise this issue' at this stage.") (quoting *Hewitt v. Mobile Rsch. Tech., Inc.*, 285 Fed. App'x 694, 696 (11th Cir. 2008)).

Defendant, however, will contend that it did not waive its EBR defense because it was not required to plead it since it does not apply to Plaintiff. Yet Defendant asserted other defenses not applicable to Plaintiff, including that "[t]he claims of some putative class members are or may be barred in whole or in part by the doctrines of waiver, estoppel, and/or ratification[,]" and that "[t]he claims of some putative class members may be barred by their lack of standing to bring the claims alleged in the Complaint." *See* Ans., [DE 30], at 6-7. In other words, Defendant knew this was a class action and that it was required to assert defenses applicable to Plaintiff and/or the putative class members.

More importantly, Defendant's position finds no support in the law. Indeed, the only court to have addressed an identical scenario was in *Hendershot v. Ready to Roll Transportation, Inc.*, where it was reasoned and held as follows:

> The defendant contends that it was not required to plead an affirmative defense that applied only to putative class members because, prior to the certification of the class, those individuals are not parties to this action. However, such a rule would encourage a defendant to oppose class certification by raising, at the last minute, defenses that apply only to putative class members. In addition, as explained by a leading treatise on class actions, "the courts risk confusion and uncertainty when

> they try to determine the implications of rights of the representative or of class members by focusing on whether absent members are parties or are present as parties for some purposes and not for others. The position that absent class members occupy in class action litigation is *sui generis,* and attempts to analogize to conventional 'party' status are likely to fail. It is more logical for a court faced with a question concerning the rights and duties of absent class members to analyze the issue presented with reference to the goals of representative litigation, not by strained analogies to conventional litigation." (1 Conte et al., Newberg on Class Actions (5th ed.2011) § 1:5, pp. 15–16, fns. omitted.)
>
> Here, the named representatives cannot properly address issues pertaining to putative class members if the defendant is allowed to oppose certification based on defenses pertaining to those putative class members but is not required to give the plaintiffs advance notice that those defenses are at issue. Rather, the defendant should assert defenses pertaining to the putative class in its answer. Due process requires that the plaintiffs be given an adequate opportunity to conduct discovery on and brief issues related to the defendant's affirmative defenses. Asserting such defenses for the first time in opposition to class certification did not give the plaintiffs such an opportunity.

228 Cal. App. 4th 1213, 1223 (Cal. Ct. App. 2014).

Defendant will insist that there was no prejudice to Plaintiff because Plaintiff anticipated this defense when he limited his class definition to exclude anyone with a purchase EBR. But it is because Defendant stipulated to the issue Plaintiff did not anticipate Defendant planned to introduce the defense after the close of discovery. The law in the Eleventh Circuit is that a plaintiff is prejudiced unless the plaintiff receives notice of the affirmative defense by some other means if the defense is not included in the pleadings. *Hassan v. U. S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988). Here, it is undisputed that Defendant never provided any notice to Plaintiff of its inquiry EBR. Defendant's answer was silent on the issue, and so were its disclosures and discovery responses. This was no accident or oversight. Defendant stipulated to a class definition that contemplated a purchase EBR defense and stood silent on the inquiry EBR issue. In other words, Defendant knew about its defense at least when Plaintiff provided the proposed numerosity and class definition stipulation, and instead of amending its disclosures and providing the evidence on

which it would rely, it waited to ambush Plaintiff with it after the close of discovery. As the Fifth Circuit aptly put it, "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987) (quoting *Bettes v. Stonewall Insurance Co.*, 480 F.2d 92 (5th Cir.1973); citing *Bull's Corner Restaurant, Inc. v. Director, Federal Emergency Management Agency*, 759 F.2d 500 (5th Cir.1985)).

As with the exclusion of untimely evidence, courts generally grant motions in limine to exclude evidence or argument regarding waived affirmative defenses, and this Court should respectfully do so here. *See, e.g., Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 267 F.3d 1303, 1307 (11th Cir. 2001) ("Before trial, Transamerica filed a motion in limine seeking to preclude the Underwriters from producing any evidence at trial relating to defenses not raised in the Underwriters' December 5, 1995 declinature letter. The district court granted Transamerica's motion."); *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 8:11-cv-775-T-24-TBM, 2014 U.S. Dist. LEXIS 127983 (M.D. Fla. Sep. 12, 2014) ("As a result, the Court excluded this evidence because Millennium had not pled advice of counsel as an affirmative defense.").

### C. The Court Should Exclude Evidence and Testimony Regarding Minimum Statutory Damages Under the TCPA

Defendant may seek to introduce at trial the minimum amount of statutory damages that may be awarded to Plaintiff and Class Members under the TCPA. However, the jury would have no discretion in the amount of statutory damages as the sum is fixed by statute. The discretion of the Court as to the amount of damages is only invoked when considering willful or knowing violations of the TCPA. Under 47 U.S.C. § 227(b)(3), "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" the $500 minimum damages award. Minimum statutory damages are not a fact issue to be presented to the jury. *See Tomao v.*

*Abbott Labs., Inc*., No. 04-cv-3470, 2007 WL 141909, at *2 (N.D. Ill. Jan. 16, 2007). The trivial probative value of this evidence would be substantially outweighed by the unfair prejudice to Plaintiff and risk of misleading the jury. *See* Fed. R. Evid. 402.

The issue was addressed by the court in *Mohamed v. Off Lease Only, Inc.,* No. 15-cv-23352, (S.D. Fla. July 18, 2018). In *Mohamed*, the plaintiff moved in limine to exclude the minimum amount of damages the jury would be required to award under the TCPA because of the trivial probative value and potential prejudice. 2018 U.S. Dist. LEXIS 119583, at *3. In granting the plaintiff's motion, this Court "agree[d] that the probative value of this evidence is trivial, at best." *Id*. Thus, defendant was limited to only mentioning that there is a statutory minimum but was prohibited from mentioning the specific amount. *Id*.

The same result should follow here. Since the calculation of statutory damages for non-willful violations of the TCPA is formulaic and not discretionary (i.e., the number of calls multiplied by $500.00 dollars per call), the only effect of a jury hearing the total dollar value per violations is potential prejudice to the Plaintiff and the Class Members. At trial, the jury should determine whether Defendant violated the TCPA, the number of calls made, and the calculation of damages would be a simple calculation of $500 times the number of calls

**WHEREFORE**, Richard Marous respectfully requests entry of an Order granting this Motion, and for such other relief deemed appropriate.

Dated: March 18, 2025

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
T: 954.400.4713
mhiraldo@hiraldolaw.com

**DAPEER LAW P.A.**
Rachel Dapeer
Florida Bar No. 108039
520 S. Dixie Hwy, #240
Hallandale Beach, FL 33009
T: 954.799.5914
rachel@dapeer.com

## CERTIFICATE OF CONFERRAL

**I HEREBY CERTIFY** that I conferred with Defendant's counsel regarding the above requested relief, and that Defendant's counsel responded that they believe the motion is premature.

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.