UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 9:24-cv-80702-RLR

RICHARD MAROUS, on behalf of all
others similarly situated,

Plaintiff,

vs.

NOW OPTICS HOLDINGS, LLC
d/b/a STANTON OPTICAL,

Defendant.
_______________________________________ /

**DEFENDANT'S REPLY TO PLAINTIFF'S ADDITIONAL FACTS**

Defendant, Now Optics Holdings, LLC ("Now Optics"), by and through undersigned counsel and pursuant to Local Rule 56.1(b)(3) respectfully files it Reply to Plaintiff's Additional Facts contained in Plaintiff's Response to Defendant's Statement of Material Facts [DE 93] and states the following:

1. Disputed. Now Optics itself does not offer eye exams. Physicians Eyecare Group, an independent company, offers eye exams at Stanton Optical locations. Deposition of Lukana Justin attached as **Exhibit A** to Defendant's Statement of Material Facts [DE 88-1]. ("Justin Dep.") at 11:7-12:15. Also, customers are not charged for booking or cancelling an appointment. Deposition of Richard Marous attached as **Exhibit C** to Defendant's Statement of Material Facts [DE 88-3]. ("Marous Dep.") at 52:20-24.

2. Disputed. The marketing department also handles communications regarding the customer's relationship with Defendant. Justin. Dep. at 11:1-6.

3. Undisputed.

4. Undisputed.

5. Disputed. The described the promotional message as follows: "Another offer promotion may be buy one, get one free plus free eye exam." Justin. Dep. at 24:21-25:1.

6. Disputed. The deponent was describing the phrase "transitional remarketing" and stated that it was the name of one campaign used when transitioning the brand. Justin. Dep. at 25:16-25.

7. Undisputed.

8. Undisputed.

9. Undisputed that the text messages were sent as part of a transitional campaign. Defendant disputes Plaintiff's characterization of the messages as "blasts".

10. Undisputed that the links would take you to a webpage where you can select a location to book an appointment. The shortened links in the subject text messages still function and direct the recipient to the search page for Stanton Optical Stores. Stanton Optical, www. Stantonoptical.com, https://www.stantonoptical.com/schedule-exam/?utm_source=Emarsys&utm_medium=SMS&utm_campaign=MEL_SOPhase3Transition (last visited Mar. 21, 2025). Notably, there is no description of any products or services offered by Defendant on the page that is linked.

11. Disputed. Defendant does not dispute the authenticity of the attached logs[1]; however, Defendant disputes the characterization of the messages as "blasts" and disputes Plaintiff's calculation with respect to the amount of text messages to the extent that it is inconsistent with the logs.

[1] The logs were not attached to Plaintiff's response as stated. But Defendant assumes, for the purposes of this reply, that Plaintiff is referring to the logs attached to Plaintiff's Statement of Material Facts [DE 80].

12. Disputed. The cited testimony refers only to one text message not the entire campaign. Justin. Dep. at 50:23-51:5. Plaintiff mischaracterizes the testimony.

13. Disputed. Plaintiff mischaracterizes the testimony. The text messages were sent to customers of the particular stores within certain geographic regions that were transitioning. Justin. Dep. at 88:9-89:8.

14. Undisputed.

15. Disputed. Plaintiff did not opt in to receive promotional messages from Defendant. Plaintiff did voluntarily provide his telephone number for transactional/informational communications. *See* Marous Dep. at 57:11-20.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed that the transition messages did not include a component to check for whether the recipient was due for an exam, but Defendant disputes Plaintiff's characterization of the messages as "blasts".

20. Undisputed.

21. Undisputed.

22. Undisputed. Defendant must clarify that the referenced logs only track whether a customer opted in to "promotional" text messages.

23. Undisputed that this was Plaintiff's recollection. However, whether there is a charge for an exam depends on several factors, including the availability of insurance. Justin Dep. at 11:21-12:3.

24. Disputed. Plaintiff does not describe his cellular telephone as his "home phone" in

any of the cited testimony.

25. Disputed. The stipulation speaks for itself and it states that the stipulation is "in the event a class is certified and noticed must be sent out . . . ." *See* First Amended Joint Stipulation regarding Numerosity [DE 54] at ¶ 4.

26. Disputed. No class has been certified so there are no class members. Nevertheless, the document Plaintiff references identifies the patient ID and the store location which was part of the transition. By Plaintiff's own admission, these individuals would have been sent messages pertaining to the transition.

27. Disputed. The referenced document speaks for itself. It only references one text message and the title of one slide in a presentation. There is no indication that transitional messages where part of the "plan" described in paragraph 27.

28. Disputed as phrased. Defendant only sends text messages to individuals that consent to receive them. Specifically, promotional message are sent only to those that opt-in to receive promotional messages.

29. Undisputed.

Dated: March 21, 2025

Respectfully submitted,

***By: /s/ Frank A. Zacherl***

Frank A. Zacherl, Esq.
Florida Bar No. 868094
FZacherl@shutts.com
Oliver Sepulveda, Esq.
Florida Bar No. 111763
OSepulveda@shutts.com

**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Telephone: (305) 347-7305
Facsimile: (305) 347-7705
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March 2025, a true and correct copy of the foregoing has been furnished via CM/ECF to all parties on attached service list.

*/s/Frank A. Zacherl*
FRANK A. ZACHERL

**RICHARD MAROUS,**
**individually and on behalf of all others similarly situated,**
**v.**
**NOW OPTICS HOLDINGS, LLC d/b/a STANTON OPTICAL**
**United States District Court**
**Southern District of Florida**
**Case No. 9:24-cv-80702-RLR**

**SERVICE LIST**

Rachel N. Dapeer, Esq.
DAPEER LAW, P.A.
20900 NE 30th Avenue
Suite 417
Aventura, Florida 33180
rachel@dapeer.com

*Counsel for Plaintiff*

Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

*Counsel for Plaintiff*