**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:24-cv-80702-ROSENBERG/Reinhart**

RICHARD MAROUS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NOW OPTICS HOLDINGS, LLC d/b/a STANTON OPTICAL,

Defendant.
_______________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION**

Plaintiff Richard Marous hereby gives notice of *Elliot v. Humana Inc.*, No. 3:22-cv-00329-RGJ, 2025 U.S. Dist. LEXIS 67759 (W.D. Ky. Apr. 9, 2025), as persuasive supplemental authority in support of arguments raised by Plaintiff in his Renewed Motion for Class Certification ("Motion" or "Mot."). Specifically, *Elliot* supports the following arguments raised by Plaintiff in his Motion:

1. **Mot. at 16**: Defendant cannot rely on poor business records to defeat predominance. *See Elliot*, 2025 U.S. Dist. LEXIS 67759, at *29 ("Humana relies on poor or inconsistent record keeping as an argument against certification, asking the Court to ignore the plain meaning of 'wrong number' to accommodate several errors or inconsistencies they have found in self-reviewing their own record. The Sixth Circuit has previously held that the need to manually review files for class certification is not dispositive because if it were, 'defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their

businesses or the manner in which their business records were maintained.'") (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 540 (6th Cir. 2012).

2. **Mot. at 17-18**: Any remaining predominance issues raised by Defendant can be addressed via self-identification. *See Elliot*, 2025 U.S. Dist. LEXIS 67759, at *30 ("Here, Humana's CGX database and the expert wrong notice reports provide a narrow and well-defined starting point of likely class members that the parties can use to send claim forms and affidavits….Affidavits can be used to remove those individuals who consented to Humana's calls, defeating Humana's predominance arguments.").

DATED: March 21, 2025

Respectfully submitted,

**HIRALDO P.A.**

*<u>/s/ Manuel S. Hiraldo</u>*

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713