UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 9:24-cv-80702-RLR

RICHARD MAROUS, on behalf of all
others similarly situated,

Plaintiff,

vs.

NOW OPTICS HOLDINGS, LLC
d/b/a STANTON OPTICAL,

Defendant.
_______________________________________ /

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Now Optics Holdings, LLC, by and through undersigned counsel, hereby files its answer and affirmative defenses to the Second Amended Class Action Complaint [DE 121] ("SAC") filed by Plaintiff, Richard Marous, and states:

**NATURE OF THE ACTION**

1. Defendant does not dispute that this is a purported class action lawsuit brought by Plaintiff under the Telephone Consumer Protection Act ("TCPA"), but Defendant denies that Plaintiff and the putative class are entitled to the relief sought.

2. Denied as phrased.

3. Denied as phrased.

4. Defendant does not deny that Plaintiff is seeking injunctive relief and statutory damages for himself and on behalf of the putative class, but Defendant denies the remaining allegations in this paragraph and denies that Plaintiff and the putative class are entitled to the relief sought.

## PARTIES

5. Defendant is without knowledge of Plaintiff's residence but does not dispute same.

6. Defendant is without knowledge of the allegation in paragraph 6 and demands strict proof thereof.

7. Admitted.

## JURISDICTION AND VENUE

8. Defendant admits that this is an action under the TCPA but denies that Plaintiff and the putative class are entitled to the relief sought.

9. Defendant does not dispute that Plaintiff has alleged the requirements for jurisdiction under 28 U.S.C. § 1332(d)(2) but denies the substance of the allegations and denies that Plaintiff and the putative class are entitled to the relief sought.

10. Defendant does not dispute this Court's personal jurisdiction.

11. Admitted for jurisdictional purposes only.

## FACTS

12. Defendant admits that on or around September 2023, Defendant began to transition its My Eyelab locations to Stanton Optical locations.

13. Denied as phrased.

14. Denied as phrased. The text messages speak for themselves.

15. Denied as phrased.

16. Denied.

17. Denied as phrased.

18. Defendant admits that text messages regarding the transition from My Eyelab to Stanton Optical were coordinated in phases by geographic location. Defendant denies the remaining allegations.

19. Denied as phrased. The text messages speak for themselves.

20. Denied as phrased.

21. Denied as phrased. The text messages speak for themselves.

22. Denied as phrased. Defendant maintained its own database of customers that opted out of receiving promotional text messages.

23. Denied as phrased. The text message records speak for themselves.

24. Denied as phrased. The text message records speak for themselves.

25. Defendant admits that it has records reflecting customer inquiries.

26. Defendant admits that its records reflect whether a text message was "delivered" or "undelivered". Defendant denies the remaining allegations.

27. Denied.

28. Denied.

29. Denied. The text messages speak for themselves.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant is without knowledge as to the allegation in paragraph 34 and demands strict proof thereof.

35. Defendant is without knowledge as to the allegation in paragraph 35 and demands strict proof thereof.

36. Denied.

37. Defendant admits only that Plaintiff made a purchase on October 16, 2021 and did not make any inquiries within the period of three months prior to the October 9, 2023 text message.

38. Defendant denies the allegation to the extent that Plaintiff alleges he never provided any type of authorization.

39. Denied.

## CLASS ALLEGATIONS

### PROPOSED CLASS

40. Defendant does not dispute that this is the purported class that Plaintiff intends to represent, but Defendant denies that Plaintiff and the putative class are entitled to the relief sought.

41. Defendant does not dispute that this is the purported class that Plaintiff intends to represent, but Defendant denies that Plaintiff and the putative class are entitled to the relief sought.

### NUMEROSITY

42. Denied as phrased. But Defendant does not dispute that potential class members exceed at least 50 persons.

43. Denied as phrased. But Defendant does not dispute that potential class members could be identified using text message records.

### COMMON QUESTIONS OF LAW AND FACT

44. Denied.

45. Denied.

### TYPICALITY

46. Denied.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

47. Denied.

**SUPERIORITY**

48. Denied.

49. Denied.

**COUNT I**
**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Class)**

50. Defendant reasserts its responses to paragraphs 1-49 as if fully set forth herein.

51. The TCPA and FCC's Rules and Regulations speak for themselves. Defendant denies the remaining allegations in Paragraph 51.

52. The TCPA and FCC's Rules and Regulations speak for themselves. Defendant denies the remaining allegations in Paragraph 52.

53. The TCPA and FCC's Rules and Regulations speak for themselves. Defendant denies the remaining allegations in Paragraph 53.

54. Denied.

55. Denied.

56. Denied.

57. Defendant denies that Plaintiff and the putative class are entitled to any relief.

Defendant denies that Plaintiff or the putative class members are entitled to any of the relief it seeks in the WHEREFORE clause immediately following Paragraph 57 of the Second Amended Complaint. All allegations contained in the Second Amended Complaint that are not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses to Plaintiff's Second Amended Complaint, without admitting liability to the allegations herein, and reserves the right to amend these defenses as discovery continues or the facts warrant:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and the purported class members lack standing to bring suit as they did not suffer a legal injury.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' claims are barred to the extent that they did not avail themselves of the clearly defined "STOP" feature to opt-out of receiving the alleged text messages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' claims are barred as the text messages that were allegedly sent were not "telephone solicitations" within the meaning of 47 C.F.R. § 64.1200(c).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' claims are barred as the Do-Not-Call provisions of the TCPA, 47 C.F.R. § 64.1200(c) - (d) only apply to residential telephone numbers. Plaintiff and purported class members who use their mobile telephone for commercial purposes do not have a valid claim under 47 C.F.R. § 64.1200(c) - (d).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' claims are barred to the extent that a called party gave Defendant prior consent to make calls or send the text messages to their phone number.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action for class treatment under Federal Rule of Civil Procedure 23.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has complied with the TCPA and is entitled to each and every defense stated in the Acts and any and all limitations of liability.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of some putative class members are barred because they maintained an established business relationship with Defendant as that term is defined by 47 C.F.R. § 64.1200(f)

## NINTH AFFIRMATIVE DEFENSE

This action is not a proper class action under Rule 23 of the Federal Rules of Civil Procedure because questions of fact pertaining to each individual putative class member's claim, as well as different defenses pertaining to each, will predominate over common legal questions. At this juncture, this case has not been certified as a class action. Each class member's claim is subject to its own unique facts and circumstances, which are not conducive to resolution through class action. Pending further discovery and when this class reaches the class certification phase of these proceedings, additional grounds may exist, and may be asserted, warranting denial of class certification.

## TENTH AFFIRMATIVE DEFENSE

The claims of some putative class members are or may be barred in whole or in part by the doctrines of waiver, estoppel, and/or ratification. For example, Plaintiff received eight text messages and did not revoke consent to receive them until after receipt of the eighth text message. Plaintiff's claim is therefore barred under the doctrines of waiver, estoppel or ratification. These defenses may also apply to putative class members that acted in a manner consistent with the

relinquishment of their right to make a claim under the TCPA.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims of some putative class members may be barred by their lack of standing to bring the claims alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

This action is not a proper class action because the class definitions are overly inclusive and/or unworkable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This action is not appropriate as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because it is not a superior method of fair and efficient adjudication of controversy.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to assert other defenses, including affirmative defenses, as may be appropriate as this action proceeds.

Dated: June ___, 2025

Respectfully submitted,

***By: /s/ Frank A. Zacherl***

Frank A. Zacherl, Esq.
Florida Bar No. 868094
FZacherl@shutts.com
Oliver Sepulveda, Esq.
Florida Bar No. 111763
OSepulveda@shutts.com

**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Telephone: (305) 347-7305
Facsimile: (305) 347-7705
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rdp day of June 2025, a true and correct copy of the foregoing has been furnished via CM/ECF to all parties on attached service list.

*/s/Frank A. Zacherl*
FRANK A. ZACHERL

**RICHARD MAROUS,**
**individually and on behalf of all others similarly situated,**
**v.**
**NOW OPTICS HOLDINGS, LLC d/b/a STANTON OPTICAL**
**United States District Court**
**Southern District of Florida**
**Case No. 9:24-cv-80702-RLR**

**SERVICE LIST**

Rachel N. Dapeer, Esq.
DAPER LAW, P.A.
20900 NE 30th Avenue
Suite 417
Aventura, Florida 33180
rachel@dapeer.com

*Counsel for Plaintiff*

Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

*Counsel for Plaintiff*